# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DEREK A. SMITH, | ) | CASE NO. 1:14-cv-02308-DCN |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| LERNER, SAMPSON & ROTHFUSS, | ) | |
| L.P.A., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(B)(6) FILED ON BEHALF OF BAC HOME LOANS
SERVICING, LP, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
<u>MARY KIST, AND TRINA HARRINGTON</u>**

Pursuant to Fed. R. Civ. P. 12(B)(6), Defendants, BAC Home Loans Servicing, LP, Mortgage Electronic Registration Systems, Inc., Mary Kist, and Trina Harrington, by and through their undersigned counsel, move the Court for an Order dismissing the Complaint in its entirety on grounds that the Complaint fails to state a claim upon which relief may be granted. A Memorandum in Support of this Motion is attached and incorporated by reference.

Respectfully submitted,

/s/ David A. Wallace
David A. Wallace (0031356)
Tyler K. Ibom (0085928)
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145
wallace@carpenterlipps.com
ibom@carpenterlipps.com
Attorneys for Defendants
BAC Home Loans Servicing LP, Mortgage Electronic Registration Systems, Inc., Trina Harrington, and Mary Kist

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEREK A. SMITH, | ) | CASE NO. 1:14-cv-02308-DCN |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| LERNER, SAMPSON & ROTHFUSS, L.P.A., et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF**
**MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)**

Defendants, BAC Home Loans Servicing, LP ("BACHLS"),  Mortgage Electronic Registration Systems, Inc. ("MERS"), Mary Kist ("Kist"), and Trina Harrington ("Harrington"), by and through their undersigned counsel, respectfully move this Court for an order dismissing the Complaint pursuant to Rule 12(B)(6).

## I.  INTRODUCTION

This matter was initiated by Complaint filed by Derek A. Smith ("Plaintiff") on October 15, 2014.  Doc. # 1.  Plaintiff alleges that BACHLS, MERS, Kist, and Harrington are liable on various theories of liability including violation of the Fair Debt Collection Practices Act ("FDCPA") (Count 1); violation of Racketeer Influenced and Corrupt Organizations Act ("RICO)" (Count 2); Consumer Sales Practices Act ("CSPA") (count 3); Falsification (count 4); Civil Conspiracy (Count 5); Breach of Contract (Count 6); Quiet Title (count 7); Fraud and Misrepresentation (Count 8); and Wrongful Foreclosure (Count 9).  However, most of Plaintiff's claims are barred by the doctrine of *res judicata* and the remaining claims fail as a matter of law.  Therefore, Plaintiff's Complaint should be dismissed in their entirety with prejudice.

1

## II.     ALLEGATIONS

The entirety of the Complaint is based on state court litigation filed at Docket Number 10F000047 in the Court of Common Pleas of Geauga County, Ohio (the "Foreclosure Action"). Doc. # 1, ¶¶ 57 *et seq*. The Foreclosure Action was fully litigated and resulted in a judgment against Plaintiff. Nevertheless, Plaintiff's Complaint is almost completely devoid of any facts pertaining to the Foreclosure Action. This Court may take judicial notice of the state court docket because it is a public record and Plaintiff refers to the action in his complaint. *See Ghaster v. City of Rocky River*, 913 F. Supp. 2d 443, 454-55 (N.D. Ohio 2012). A true and correct copy of the docket history is attached hereto as Exhibit A. A true and correct copy of the Complaint filed in the Foreclosure Action (the "Foreclosure Complaint") is attached hereto as Exhibit B.

Plaintiff executed a Note ("Note") in favor of Capital One Home Loans, LLC in the amount of $162,000.00 on July 21, 2007 to obtain a loan ("Loan"). Foreclosure Complaint, Exhibit A. The Note was secured by a Mortgage ("Mortgage") on property located at 147 Lakeview Lane, Chagrin Falls, Ohio 44022 (the "Property"), executed on July 21, 2007 and recorded on August 13, 2007. Foreclosure Complaint, Exhibit B. Plaintiff was current on his Loan until September 1, 2009. Foreclosure Complaint, ¶ 1. On January 19, 2010, BACHLS initiated the Foreclosure Action. *See* Exhibit A. Judgment was entered in favor of BACHLS and against Plaintiff on August 16, 2010. A true and correct copy of the Order is attached hereto as Exhibit C. *See also*, Exhibit B. Defendant Lerner, Sampson & Rothfuss ("LSR") obtained an alias Order of Sale to be issued to the Geauga County Sheriff and a notice of Sherriff Sale was issued to the Geauga County Sheriff. *See* Plaintiff's Complaint at ¶ 43. Plaintiff then filed for bankruptcy and the sale was stayed. *Id.* at ¶ 45.

2

### III.     STANDARD OF REVIEW

*Res judicata* is properly raised on a Rule 12(b)(6) motion to dismiss. *See Donohue v. United States*, No. 1:05-cv-175, 2006 U.S. Dist. LEXIS 75864, at *7 (S.D. Ohio Oct. 18, 2006) (doctrine of *res judicata*, although typically raised as affirmative defenses pursuant to Fed. R. Civ. P. 8(c), is appropriate to be reviewed "under the parameters of Rule 12(b)(6)").

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of a complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,'… it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (citing *Twombly*, 550 U.S. at 555). In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'[.]" *Twombly*, 550 U.S. at 555 (*citing Papasan v. Allain*, 478 U.S. 265, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id*.

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer

3

possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief,'" and the Complaint shall be dismissed. *Id*. (citing Fed. R. Civ. P. 8(a)(2)).

A court may "take judicial notice of appropriate matters in determining a Civ.R. 12(B)(6) without converting it to a motion for summary judgment," including public records and other rulings. *New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003); *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360-61 (6th Cir. 2001).

Because the Complaint fails to state a claim upon which relief can be granted, BACHLS, MERS, Kist, and Harrington respectfully request that the Complaint be dismissed in its entirety with prejudice.

## IV. ARGUMENT

### A. Plaintiff's Claims Are Barred by the Doctrine of *Res Judicata*

Plaintiff alleges that BACHLS, MERS, Kist, and Harrington are liable on multiple theories of liability; however, most of those theories are premised upon the Foreclosure Action which resulted in a judgment in favor of BACHLS and against Plaintiff. *See* Exhibit A. When a plaintiff attempts to litigate, in a new civil action, claims which have once been dismissed by a court of competent jurisdiction, or could have been, *res judicata* principles apply. *Res judicata* encompasses two different doctrines. *Brown v. Fla. Coastal Partners, LLC*, Case No. 2:13-cv-1225, 2014 U.S. Dist. LEXIS 145679 (S.D. Ohio 2014). Claim preclusion prevents a litigant from raising a new claim in a subsequent action if it arises out of the same facts as a prior case and the claim could have been, but was not, raised in that prior case. Issue preclusion applies

4

when the party attempts to litigate again claims which were actually decided against the party in a prior case.  For issue preclusion to apply, the party claiming preclusion must demonstrate:

> (1) the precise issue raised in the present case must have been raised and actually litigated in the prior proceeding; (2) determination of the issue must have been necessary to the outcome of the prior proceeding; (3) the prior proceeding must have resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding.

*Kosinski v. Commissioner of Internal Revenue*, 541 F.3d 671, 675 (6th Cir. 2008), *quoting United States v. Cinemark USA, Inc.*, 348 F.3d 569, 583 (6th Cir. 2003).

Under Ohio law, "[f]ailure to assert a compulsory counterclaim constitutes a form of *res judicata* and acts as a bar to subsequent litigation."  *Jarvis v. Wells Fargo Bank*, 2010-Ohio-3283, 2010 WL 2749602, at *6 (Ohio Ct. App. 2010) (*citing Forney v. Climbing Higher Ents., Inc.*, 158 Ohio App. 3d 338, 2004 Ohio 4444, 815 N.E.2d 722 (Ohio Ct. App. 2004); *Quintus v. McClure*, 41 Ohio App. 3d 402, 403-404, 536 N.E.2d 22 (Ohio Ct. App. 1987)).  As the Jarvis court explained, "[r]*es judicata* is particularly relevant when a party fails to present compulsory counterclaims pursuant to Civ.R. 13(A), which requires a party to raise all counterclaims against the opposing parties."  *Id*. at *5 (*citing* Ohio R. Civ. P. 13(A)).  The court went on to explain that

> The purpose of [Civ.R. 13(A)] is to settle all related claims in one action and thereby avoid a wasteful multiplicity of litigation on claims which arise from a single transaction or occurrence.  The rule also provides for an orderly delineation of res judicata, as failure to assert a compulsory counterclaim will result in its being barred in any subsequent action.

*Id*. at *6 (*quoting State ex rel. Massaro Corp. v. Franklin Cty. Court of Common Pleas*, 65 Ohio App.3d 428, 430, 584 N.E.2d 756 (Ohio Ct. App. 1989) (internal citations omitted)).

Here, most of Plaintiff's claims are barred by the doctrine of *res judicata*.  Plaintiff is attempting to litigate both claims which it should have raised as compulsory counterclaims to the

5

Foreclosure Action and Plaintiff is attempting to assert claims based on issues already decided in the Foreclosure Action.

## B. Plaintiff's Claim for Violation of the FDCPA Is Time-Barred and Is Barred by *Res Judicata*

Plaintiff alleges that BACHLS is liable for a violation of the FDCPA. Doc. # 1, Count 1. Claims under the FDCPA are subject to a one-year statute of limitations. 15 U.S.C. § 1692k(d), *see also, Slorp v. Lerner, Sampson & Rothfuss*, 2014 U.S. App. LEXIS 18816, 2014 FED App. 0745N, at *16 (6th Cir. Sep. 29, 2014) ("an FDCPA action generally must be brought 'within one year from the date on which the violation occurs.'" 15 U.S.C. § 1692k(d)"). Furthermore, the continuing-violation doctrine cannot be used to rescue an FDCPA claim. *Id*. *20-21.

The Foreclosure Action was filed on January 19, 2010. Complaint, ¶ 58. The Default Judgment for Plaintiff was entered August 16, 2010. *See* Exhibit C. Plaintiffs Motion for Relief from Judgment was denied on May 14, 2013. *See* Exhibit A. This action was filed on October 16, 2014, more than four years after the foreclosure complaint and foreclosure judgment, and over one year after Plaintiff's Motion for Relief from Judgment was denied without appeal. All of the actions upon which Plaintiff bases his claims were taken in pursuit of the Foreclosure Action. Complaint, ¶¶ 28-41. Consequently, Plaintiffs FDCPA claims are time-barred and must be dismissed.

Even if this claim is not time-barred, it is still barred by the doctrine of *res judicata*. First, the allegedly "false" information filed with the Bankruptcy Court has already been determined to be true by virtue of the proceedings in the Foreclosure Action. BACHLS obtained a judgment in the Foreclosure Action. Thus, it has already been conclusively established that BACHLS holds the mortgage lien and that Plaintiff was in default. As set forth above, (1) this precise issue has been raised and actually litigated in the Foreclosure Action; (2) determination

6

of the issue was necessary to the outcome of the prior proceeding; (3) the Foreclosure Action resulted in a final judgment on the merits; and (4) Plaintiff had a full and fair opportunity to litigate the issue in the prior proceeding. *Kosinski v. Commissioner of Internal Revenue*, 541 F.3d 671, 675 (6th Cir. 2008), *quoting United States v. Cinemark USA, Inc.*, 348 F.3d 569, 583 (6th Cir. 2003). Thus, Plaintiff cannot relitigate the issue of whether BACHLS held the mortgage lien or whether Plaintiff was in default of the mortgage loan at the time the Foreclosure Action was initiated.

Because Plaintiff's FDCPA claim is time-barred and because the issue of whether BACHLS filed false statements has already been determined by a court of competent jurisdiction, Plaintiff is estopped from attempting to relitigate this exact issue and Count One of the Complaint should be dismissed in its entirety with prejudice.

## C. **Plaintiff's Claim for RICO Is Barred by *Res Judicata***

Next, Plaintiff alleges that BACHLS, MERS, Kist, and Harrington are liable on a theory of RICO violations. Doc. # 1, Count 2. Specifically, Plaintiff alleges that BACHLS, MERS, Kist, and Harrington formed an enterprise, as defined by RICO. Plaintiff goes on to assert that BACHLS, MERS, Kist, and Harrington executing and recording the assignment of mortgage that formed the basis of the order in the foreclosure action. The execution and recording of the assignment of mortgage were allegedly done to defraud Plaintiff. However, even if all of these allegations were true, the RICO claim is still barred by the doctrine of *res judicata*.

As set forth above, (1) this precise issue has been raised and actually litigated in the Foreclosure Action; (2) determination of the issue was necessary to the outcome of the prior proceeding; (3) the Foreclosure Action resulted in a final judgment on the merits; and (4) Plaintiff had a full and fair opportunity to litigate the issue in the prior proceeding. *Kosinski*

7

*v. Commissioner of Internal Revenue*, 541 F.3d 671, 675 (6th Cir. 2008), *quoting United States v. Cinemark USA, Inc.*, 348 F.3d 569, 583 (6th Cir. 2003).

Here, the issue of whether the execution and assignment of the mortgage were valid has already been fully and finally litigated in the Foreclosure Action. The determination was critical to the outcome of the Foreclosure Action and Plaintiff had the opportunity to litigate the issue. The Court concluded that BACHLS had authority to foreclose on the mortgaged premises; thus, the court implicitly concluded that the mortgage and assignment were valid. *See* Exhibit B.

Moreover, Plaintiff was required to pursue any claims against BACHLS, MERS, Harrington, and Kist as a compulsory counterclaim to the Foreclosure Complaint. As set forth above, "[f]ailure to assert a compulsory counterclaim constitutes a form of *res judicata* and acts as a bar to subsequent litigation." *Jarvis v. Wells Fargo Bank*, 2010-Ohio-3283, 2010 WL 2749602, at *6 (Ohio Ct. App. 2010) (*citing Forney v. Climbing Higher Ents., Inc.*, 158 Ohio App. 3d 338, 2004 Ohio 4444, 815 N.E.2d 722 (Ohio Ct. App. 2004); *Quintus v. McClure*, 41 Ohio App. 3d 402, 403-404, 536 N.E.2d 22 (Ohio Ct. App. 1987)).

Here, Plaintiff's RICO claims involve the same parties, the same facts, and the same issue: whether the Note and Mortgage were valid and enforceable. Plaintiff should have brought his RICO claim as a compulsory counterclaim but failed to do so. The doctrine of *res judicata* precludes Plaintiff from pursuing claims based on issues already decided and from pursuing claims that he was required to bring as compulsory counterclaims.

Even if Plaintiff's RICO claim is not barred by *res judicata*, it still fails as a matter of law. The recent decision of *Slorp v. Lerner, Sampson & Rothfuss et al.*, 13-3402, 2014 U.S. App. LEXIS 18816, 2014 WL 4800100 (6th Cir. 2014), made it clear that a RICO claim "will vanish if the defendants prove that Bank of America was the legitimate mortgagee." *Id*. p. 24.

As set forth above and based on the recorded documents of which this court can take judicial notice, BANA is a legitimate mortgagee. Thus, Plaintiff cannot possibly prevail on his RICO claim.

Because Plaintiff's RICO claim is barred by the doctrine of *res judicata* and it fails as a matter of law, Count Two of the Complaint should be dismissed in its entirety with prejudice.

### D. **Plaintiff's CSPA Claim Is Barred by the Doctrine of *Res Judicata***

Plaintiff next argues that BACHLS, MERS, Kist, and Harrington are liable for violations of the Ohio Consumer Sales Practices Act ("CSPA"). Complaint, Count Three. The CSPA prohibits a supplier from committing "an unfair or deceptive act or practice in connection with a consumer transaction" whether before, during, or after the transaction. Ohio Rev. Code § 1345.02(A).

First, the Ohio Supreme Court has held that the servicing of a mortgage loan does not constitute a consumer transaction as defined by Rev. Code. 1345.01(A) and that entities that service mortgages are not "suppliers" within the meaning of Rev. Code 1345.01(C). *Anderson v. Barclay's Capital Real Estate, Inc.*, 136 Ohio St. 3d 31, 38, 2013 Ohio 933, 989 N.E.2d 997 (2013). Further, "[t]ransactions between mortgage-service providers are not 'consumer transactions'…. A financial institution may contract with a mortgage servicer to service the loan, but the mortgage servicer does not transfer a service to the borrower." *Id.* at 35; *see CitiMortgage, Inc. v. Rudzik*, 2014-Ohio-1472, 2014 WL 1384596 at *11 (7th Dist. March 31, 2014). Servicing a mortgage loan does not constitute a consumer transaction under the CSPA. *Clark v. Lender Processing Services*, 562 Fed. Appx. 460, 2014 U.S. App. LEXIS 7022, 2014 WL 1408891 (6th Cir. April 14, 2014).

Notwithstanding that the CSPA does not apply to BACHLS, Plaintiff's claim still fails because the trial court has already established that the Note and Mortgage were valid and

9

enforceable. Here again, (1) the precise issue raised in the present case (whether the Note and Mortgage were valid and enforceable) was raised and actually litigated in the prior proceeding; (2) the determination of the issue was necessary to the outcome of the prior proceeding; (3) the prior proceeding must have resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding. *Kosinski v. Commissioner of Internal Revenue*, 541 F.3d 671, 675 (6th Cir. 2008).

The entirety of Plaintiff's CSPA claim is predicated on the Foreclosure Action: that the initiation of the Foreclosure Action to collect upon a debt on which Plaintiff defaulted, somehow renders BACHLS, MERS, Kist, and Harrington liable to Plaintiff. Because the Note and Mortgage were already determined to be valid and enforceable, Plaintiff cannot possibly prevail on his CSPA claim, and therefore, it should be dismissed in its entirety with prejudice.

### E. **Plaintiff's Falsification Claim Fails as a Matter of Law and Is Barred by the Doctrine of *Res Judicata***

Plaintiff next alleges that BACHLS and MERS are liable for falsification. Complaint, Count Four. Plaintiff alleges that BACHLS and MERS caused a false statement in an assignment to be filed in the Geauga County Court of Common Pleas. Complaint, ¶ 190. First, there is no civil claim for falsification. There is "no authority, and our independent research has revealed none, which supports the advancement of an independent civil claim for falsification in a private action that is in fact an original action, without the initiation of criminal charges or criminal proceedings pursuant to R.C. 2921.13." *Hershey v. Edelman*, 187 Ohio App.3d 400, 408, 2010-Ohio-1992, ¶ 29 (10th Dist.) Second, even if Plaintiff could prevail on this theory of liability, there is nothing to suggest any wrongdoing or any conduct that could remotely violate § 2921.13 in any event. *Morrow v. Reminger & Reminger Co. LPA*, 183 Ohio App.3d 40, 2009-Ohio-2665 (10th Dist.).

Moreover, even if Plaintiff could somehow state a civil claim for falsification, his claim is barred by the doctrine of *res judicata* because any claim for falsification should have been brought as a compulsory counterclaim.  "The Ohio Supreme Court has used the 'logical relation test'" to decide whether claims 'arise out of the same transaction or occurrence,' as required by Rule 13(A)."  *Jarvis v. Wells Fargo Bank*, 2010-Ohio-3283, 2010 WL 2749602, at *6 (Ohio Ct. App. 2010).  Under this test, "[a] compulsory counterclaim is one which 'is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts.'"  *Id*. (citations omitted).  "Thus, multiple claims are compulsory counterclaims where they 'involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties.'"  *Id*. (citations omitted).

It is apparent that the allegations made in the instant matter are logically related to the Foreclosure Action.  In that case, BACHLS alleged that Plaintiff defaulted on his mortgage.  Plaintiff never pursued a counterclaim alleging that the Note and Mortgage upon which the foreclosure action was premised were false.  A claim for falsification of the Note and Mortgage obviously bears a "logical relation" to the Foreclosure Action.  At issue in the Foreclosure Action was whether Plaintiff defaulted on his loan and whether BACHLS had the authority to enforce the Note and Mortgage.  The trial court resolved both issues in favor of BACHLS.  To pursue an alternate conclusion in this case defies the rationale of compulsory counterclaims.

Because there is no private cause of action for falsification and because any claim for falsification should have been raised as a compulsory counterclaim, Count Four of the Complaint should be dismissed in its entirety with prejudice.

F.  **Plaintiff's Civil Conspiracy Claim Fails as a Matter of Law**

Plaintiff next alleges a civil conspiracy claim as to BACHLS and LSR. Complaint, Count Five. In Ohio, the elements of civil conspiracy are: (1) a malicious combination of two or more persons; (2) causing injury to person or property; (3) the existence of an unlawful act which is independent from the conspiracy itself; and (4) damages. *Ogle v. BAC Home Loans Servicing, Inc.*, 924 F. Supp. 2d 902, 913 (S.D. Ohio 2013) (*citing Gosden v. Louis*, 116 Ohio App. 3d 195, 687 N.E.2d 481, 496 (Ohio Ct. App. 1996)). Conspiracy claims in Ohio are "derivative and cannot be maintained absent an underlying tort that is actionable without the conspiracy." *Morrow v. Reminger & Reminger Co., L.P.A.*, 183 Ohio App. 3d 40, 2009 Ohio 2665, 915 N.E.2d 696, 710 (Ohio Ct. App. 2009). Plaintiff's civil conspiracy claim must be dismissed because it is derivative of his falsification claim. *See Slorp v. Lerner, Sampson & Rothfuss*, 2014 U.S. App. LEXIS 18816, at *28 ("Because we affirm the dismissal of the falsification count, we also affirm the dismissal of [the civil conspiracy claim] as a matter of course.").

Because Plaintiff cannot prevail in his civil conspiracy claim because it is derivative of his falsification claim which fails as a matter of law as detailed above, Count Five of the Complaint should be dismissed in its entirety with prejudice.

G.  **Plaintiff's Breach of Contract Claim Fails as a Matter of Law**

Plaintiff next alleges BANA and Harrington are liable for breach of contract. Complaint, Count Six. In order to state a valid claim for breach of contract, Plaintiff must establish: (1) the existence of a contract; (2) performance by them; (3) breach by BACHLS and Harington; and (4) damage as a result. *Krukrubo v. Fifth Third Bank*, 10th Dist. No. 07AP-270, 2007-Ohio-7007, ¶ 13. In order for a contract to be enforceable, there must be an offer, acceptance, and consideration. *Carlisle v. T&R Excavating, Inc.*, 123 Ohio App. 3d 277, 704 N.E.2d 39, 43 (Ohio Ct. App. 1997). Consideration consists of either a benefit to the promisor or a detriment to

12

the promisee. *Carlisle*, 704 N.E.2d at 43. Moreover, in order to constitute consideration, the benefit or detriment must be bargained for. *Id*. "Something is bargained for if it is sought by the promisor in exchange for his promise and is given by the promisee in exchange for that promise." *Id*.

Here, Plaintiff has not established the existence of a contract. Plaintiff alleges that Plaintiff agreed to refrain from defending the foreclosure in exchange for BACHLS agreeing to modify his loan. Even if this Court generously construes Plaintiff agreeing not to defend the foreclosure action as an offer, there is no allegation that BACHLS and Harrington accepted. Most fatal to Plaintiff's claim for breach of contract is the complete lack of consideration. Plaintiff has not pled the existence of any bargained-for exchange. As such, there is no contract, and thus, Plaintiff cannot prevail on his breach of contract claim.

## H. Plaintiff's Quiet Title Claim Fails as a Matter of Law

Next, Plaintiff seeks to quiet title. Complaint, Count Seven. R.C. 5303.01 governs quiet title actions and provides in relevant part that:

> An action may be brought by a person in possession of real property, by himself or tenant, against any person who claims an interest therein adverse to him, for the purpose of determining such adverse interest. Such action may be brought also by a person out of possession, having, or claiming to have, an interest in remainder or reversion in real property, against any person who claims to have an interest therein, adverse to him, for the purpose of determining the interests of the parties therein.

It is well-established in Ohio that mortgages and assignments of mortgage are not clouds on title. *Bank of New York Mellon Trust Co. v. Unger*, 8th Dist. Cuyahoga No. 97315, 2012-Ohio-1950; *Cline v. Mortg. Elec. Registration Sys.*, 10th Dist. Franklin, 2013-Ohio-5706, 2013 Ohio App. LEXIS 5987. Because neither mortgages nor mortgage assignments are clouds on title, it is clear that Plaintiff cannot substantiate his claim to quiet title and, therefore, their claim fails as a matter of law and should be dismissed in its entirety with prejudice.

I. **Plaintiff's Claim for Fraud and Misrepresentation Fails as a Matter of Law**

Plaintiff next alleges that Defendants are liable for fraud and misrepresentation. Complaint, Count Seven. Federal Rule of Civil Procedure 9(B) requires that "a party must state with particularity the circumstances constituting fraud or mistake." To satisfy the particularity requirement, a plaintiff must "at a minimum allege the time, place and content of the misrepresentation upon which [it]… relied; the fraudulent intent of [the alleged tortfeasor]; and the injury resulting from the fraud." *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 680 (6th Cir. 1988). "The elements of fraud are (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance." *GM, LLC v. Thornhill*, Cuyahoga C.P. No. CV 12 786776 (Feb. 7, 2014) (citing Glazer v. Chase Home Fin. L.L.C., 8th Dist. Cuyahoga Nos. 99875 and 99736, 2013-Ohio-5584, ¶80).

Here, Plaintiff identifies no representations made to him. He does identify certain filings made in the Foreclosure Action, but he fails to state how these were made to him and how he relied on them. Plaintiff did not rely on the allegations in the Foreclosure Complaint – he hired counsel to attempt to attack the default judgment. Complaint, ¶ 114.

Because Plaintiff cannot prove any reliance on the Foreclosure Action filings, he cannot prevail on his claim for fraud and misrepresentation and, therefore, Count Seven should be dismissed in its entirety with prejudice.

**J. Plaintiff's Claim for Wrongful Foreclosure Fails as a Matter of Law**

Finally, Plaintiff sets forth a cause of action for wrongful foreclosure. Complaint, Count Eight. This count fails as a matter of law because Ohio courts do not recognize wrongful foreclosure as a cause of action. Such a claim may be asserted only as an affirmative defense. *See Hammond v. CitiBank, NA.*, S.D. Ohio Case No. 2:10-CV-1071, 2011 U.S. Dist. LEXIS 109818 (S.D. Ohio Sept. 27, 2011) ("the Court discerns that 'wrongful foreclosure' under Ohio law describes not a discrete claim with specific elements but a collection of challenges to a foreclosure action"). Even if Ohio courts recognized an affirmative claim for wrongful foreclosure, the Geauga County Court of Common Pleas already concluded that the foreclosure was proper as it entered judgment in favor of BACHLS. *See* Exhibits A and C.

Because Ohio does not recognize a claim for wrongful foreclosure and even if it did, such claim would be barred by the doctrine of *res judicata* because the trial court has already concluded that the foreclosure was *rightful*. As a result, Count Eight of the Complaint should be dismissed in its entirety with prejudice.

## CONCLUSION

Because Plaintiff has not pleaded facts that can avoid res judicata and establish any of his claims, it is clear that the Complaint should be dismissed in its entirety with prejudice.

Case: 1:14-cv-02308-DCN Doc #: 19 Filed: 01/09/15 17 of 19. PageID #: 450

**J. Plaintiff's Claim for Wrongful Foreclosure Fails as a Matter of Law**

Finally, Plaintiff sets forth a cause of action for wrongful foreclosure. Complaint, Count Eight. This count fails as a matter of law because Ohio courts do not recognize wrongful foreclosure as a cause of action. Such a claim may be asserted only as an affirmative defense. *See Hammond v. CitiBank, NA.*, S.D. Ohio Case No. 2:10-CV-1071, 2011 U.S. Dist. LEXIS 109818 (S.D. Ohio Sept. 27, 2011) ("the Court discerns that 'wrongful foreclosure' under Ohio law describes not a discrete claim with specific elements but a collection of challenges to a foreclosure action"). Even if Ohio courts recognized an affirmative claim for wrongful foreclosure, the Geauga County Court of Common Pleas already concluded that the foreclosure was proper as it entered judgment in favor of BACHLS. *See* Exhibits A and C.

Because Ohio does not recognize a claim for wrongful foreclosure and even if it did, such claim would be barred by the doctrine of *res judicata* because the trial court has already concluded that the foreclosure was *rightful*. As a result, Count Eight of the Complaint should be dismissed in its entirety with prejudice.

## CONCLUSION

Because Plaintiff has not pleaded facts that can avoid res judicata and establish any of his claims, it is clear that the Complaint should be dismissed in its entirety with prejudice.
15

Respectfully submitted,

/s/ David A. Wallace
David A. Wallace (0031356)
Tyler K. Ibom (0085928)
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145
wallace@carpenterlipps.com
ibom@carpenterlipps.com
Attorneys for Defendants
BAC Home Loans Servicing LP, Mortgage Electronic Registration Systems, Inc., Trina Harrington, and Mary Kist

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed electronically on January 9, 2014. Notice was also sent by operation of the Court's electronic filing system to all other counsel who have entered an appearance and any parties who have entered an appearance through counsel. The parties may access this filing through the Court's ECF system.

/s/ David A. Wallace
One of the Attorneys for Defendants
BAC Home Loans Servicing LP, Mortgage Electronic Registration Systems, Inc., Trina Harrington, and Mary Kist

606456