## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **DEREK A. SMITH,** | ) | **CASE NO.  1:14 CV 2308** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **LERNER, SAMPSON, & ROTHFUSS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | **MEMORANDUM OPINION** |

This matter is before the Court on the Motions to Dismiss filed by Defendants, Lerner, Sampson & Rothfuss and Shellie Hill (Docket #12), and BAC Home Loans Servicing, LP, Mortgage Electronic Registration Systems, Inc., Mary Kist, and Trina Harrington (Docket #19). Defendants move the Court to dismiss the Complaint filed by Plaintiff, Derek A. Smith, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted.

### Factual and Procedural Background

This case arises out of an action in foreclosure brought by Defendant, BAC Home Loan Servicing ("BACHLS"), now Bank of America, N.A., against Mr. Smith.  On July 21, 2007, Mr. Smith executed a Note in favor of Capital One Home Loans, LLC, in the amount of $162,000.00 to obtain a loan.  The Note was secured by a Mortgage on property located at 147 Lakeview Lane, Chagrin Falls, Ohio 44022; executed on July 21, 2007; and, recorded on August 13, 2007.

Mr. Smith asserts that "BAC[HLS] created a delinquency [on the loan] in November 2009 by making an unauthorized and impermissible payment on a $17,000.00 assessment" to Geauga County for sewer upgrades. (Complaint at Paragraph 48.) Mr. Smith states that "prior to the erroneous and unlawful payment of the assessment by BAC[HLS]" he was negotiating a payment arrangement with the county." (Complaint at Paragraph 50.) Mr. Smith alleges that BACHLS then refused to accept regular mortgage payments from him and requested payments to include a portion of the sewer assessment, which he could not afford. (Complaint at Paragraph 52.) Mr. Smith states he attempted to resolve the error by phone; that during that time he missed one regular payment because he could not pay the increased amount; and, that when he tried to then make a double payment, it was rejected by BACHLS on the grounds that it did not cover the regular payment plus the assessment, thereby allegedly creating "an artificial delinquency." (Complaint at Paragraph 55.)

On January 19, 2010, BACHLS initiated a Foreclosure Action in the Geauga County Ohio, Court of Common Pleas against Mr. Smith, Case No. 10F000047. BACHLS was represented by Lerner, Sampson & Rothfuss ("LSR") in the foreclosure. Mr. Smith alleges that Shellie Hill ("Ms. Hill"), purporting to be an employee of LSR and Vice-President of Mortgage Electronic Registration Systems, Inc. ("MERS"), executed an assignment of Mortgage from MERS to BACHLS on the same day that BACHLS commenced foreclosure. (Complaint at Paragraphs 29, 33 and 58.) Mr. Smith asserts that the assignment "was false and designed to mislead the county recorder, the state court, and Mr. Smith" and that MERS had no interest to transfer to BACHLS. (Complaint at Paragraphs 29-38; Brief in Opposition, Docket #17, at p. 7.) Mr. Smith asserts that he had no reason to question the validity of the allegedly false assignment

-2-

at the time the foreclosure action was filed.

Mr. Smith did not defend the foreclosure action against him and states that his failure to do so was the result of misrepresentations made by BACHLS that a resolution could be negotiated.  Mr. Smith alleges that BACHLS admitted to him that it had made a mistake; convinced him that hiring an attorney was not necessary; and, that he refrained from seeking counsel as a result.  (Complaint at Paragraphs 74-79 and 88.)  Mr. Smith alleges that he was misled by BACHLS into believing BACHLS could negotiate a solution but that BACHLS had no incentive, discretion or authority to correct the mistake, aside from pursuing a standard loan modification.

Mr. Smith states that after the foreclosure action was filed, and for several months thereafter, he had regular communication with BACHLS.  Mr. Smith states that BACHLS assured him that the loan could be modified or restructured, and that initiating the necessary paperwork[1] to modify or restructure would stall the foreclosure proceedings.  Mr. Smith alleges that in July 2010, he communicated with a senior negotiator for BACHLS, Trina Harrington, who admitted that BACHLS erroneously paid the sewer assessment causing the problem; indicated that Mr. Smith could restructure the loan; and, assured him that BACHLS would take no further action in the foreclosure proceedings while Mr. Smith worked to resolve the issues. (Complaint at Paragraphs 86-90 and 92-97.)

Mr. Smith alleges that in August 2010 he was given a variety of payment demands necessary to bring the loan current and stop foreclosure, with no explanation for the varying

---

[1]

Although the Complaint states that "BAC sent four to six virtually identical Making Home Affordable application packet," it is unclear whether Mr. Smith completed any of the packets.  (Complaint at Paragraph 100.)

amounts.  Mr. Smith said he eventually accepted a demand made by BACHLS in August 2010 –

that he pay one large lump sum, followed by $3,500.00 monthly payments – and asked for

written verification that payment would bring the loan current and stop foreclosure, but that

BACHLS refused to put the demand in writing. (Complaint at Paragraphs 102-09.)

On August 16, 2010, Judgment was entered in favor of BACHLS against Mr. Smith in

the foreclosure action.  (Complaint at Paragraphs 22-24 and 39-43.)  Mr. Smith alleges that on

August 25, 2010, BACHLS informed him that "Freddie Mac" policies prevented BACHLS from

honoring its previous demand.  (Complaint at Paragraph 113.)

Mr. Smith retained an attorney to represent him after the trial court issued the Judgment

in Foreclosure and states he was represented by his attorney from September 20, 2010 through

May 14, 2013.  (Complaint at Paragraph 114.)  On September 20, 2010, Mr. Smith's attorney

filed a Motion for Relief Judgment pursuant to Civil Rule 60(B), asking the State court to vacate

its Judgment and Decree in Foreclosure.  Mr. Smith states that both he and his attorney were

unaware of the circumstances of the alleged fraudulent assignment and that his attorney

continued to negotiate with BACHLS during this time.  On August 22, 2012, Mr. Smith filed a

Supplemental Memorandum in Support of his Motion, indicating that "discovery [was] necessary

in order to establish whether or not [BACHLS] is actually a real party in interest."

On May 14, 2013, Mr. Smith's Motion for Relief from Judgment was overruled.[2]

(Complaint at Paragraph 22; Judgment dated May 14, 2013, Docket #12, Exhibit 2.)  Mr. Smith

did not appeal the Judgment in Foreclosure, nor did he appeal the State court's order denying his

---

[2]
      The State court foreclosure docket indicates that a hearing on Mr. Smith's Motion
for Relief from Judgment was held on May 8, 2013.

Motion for Relief from Judgment.  (Complaint at Paragraphs 22-24 and 41-43; Foreclosure Docket.)

In July 2013, after Mr. Smith's Motion for Relief from Judgment was denied, LSR obtained an alias Order of Sale to be issued to the Geauga County Sheriff and a notice of Sheriff Sale was issued to the Geauga County Sheriff.  (Complaint at Paragraph 43.)  Mr. Smith then filed for bankruptcy – which he states was to protect his family from eviction – and the sale was stayed.  (Complaint at Paragraph 45.)  Mr. Smith asserts that BACHLS and LSR filed false documents with the Bankruptcy Court.  Specifically, Mr. Smith asserts that the amount BACHLS and LSR allege to be due is excessive and that BACHLS falsely purports itself to be the owner of the mortgage entitled to payment on the note, which it is not.  (Complaint at Paragraphs 120-123.)

Mr. Smith filed his Complaint in this case on October 15, 2014, pursuant to this Court's Federal question jurisdiction, raising the following claims: Count I - Violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e; Count II - Violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C § 1961, et seq.; Count III - Violation of the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Rev. Code § 1345.05(A)(3); Count IV - Falsification; Count V-Civil Conspiracy; Count VI - Breach of Contract; Count VII - Quiet Title; Count VIII - Fraud and Misrepresentation; and, Count IX - Wrongful Foreclosure.

Defendants filed their Motions to Dismiss on December 12, 2014 (Docket #12) and January 9, 2015 (Docket #19.)  Mr. Smith filed Briefs in Opposition to both Motions to Dismiss (Docket #s 17 and 25), and Defendants filed Reply Briefs.  (Docket #s 22 and 26.)

## DISCUSSION

A motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6) allows a defendant to test the legal sufficiency of a complaint without being subject to discovery. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003). In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favorable of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The court will not, however, accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000).

In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). That is,"[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see Association of Cleveland Fire Fighters v. City of Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Sept. 25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)"). Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable. *See Twombly*, 127 S. Ct. at 1974.

On a motion brought under Rule 12(b)(6), the court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Amini v.*

-6-

*Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).  It is with this standard in mind that the instant Motion must be decided.

**Discussion**

**I. .  FDCPA.**

Claims brought pursuant to the FDCPA are subject to a one-year statute of limitations. 15 U.S.C. § 1692k(d).  An FDCPA claim arising from the initiation of an allegedly deceptive, abusive or otherwise unfair lawsuit, accrues on the date the lawsuit is filed.  *Slorp v. Lerner, Sampson & Rothfuss*, 587 Fed. Appx. 249, 257-58 (6th Cir. Ohio 2014).  "No court of appeals has held that debt-collection litigation (or a misleading statement made in connection with that litigation) is a continuing violation of the FDCPA."  *Id.*

The foreclosure case against Mr. Smith was filed on January 19, 2010, over four years prior to his Complaint in this case.  Mr. Smith argues that at the time the foreclosure action was initiated against him, he did not know of the facts surrounding the assignment of the mortgage to BACHLS and, in his Brief in Opposition, argues that the facts surrounding the assignment of the mortgage were fraudulently concealed from him.  Mr. Smith states in his Brief in Opposition that he filed his lawsuit in this Court within one year of his discovery of his FDCPA claim and, therefore, that the statute of limitations should be tolled.

However, in his Supplemental Memorandum in Support of his Motion for Relief from Judgment, filed in the State court foreclosure action on August 22, 2012 by his attorney, over two years prior to filing his Complaint in this case, Mr. Smith indicated that "discovery [was] necessary in order to establish whether or not [BACHLS] is actually a real party in interest."  Therefore, Mr. Smith questioned the validity of the assignment in August 2012, over two years

-7-

prior to filing his FDCPA claim in this case, well outside the applicable one year statute of

limitations.  Further, Mr. Smith's Motion for Relief from Judgment was denied by the State

Court on May 14, 2013, over one year before he filed his Complaint in this case, and Mr. Smith

never appealed said denial.  Even if it could be argued that the statute of limitations began to run

when the State court denied Mr. Smith's Motion for Relief from Judgment, Mr. Smith's FDCPA

claim was still not filed within the one year statute of limitations.   Accordingly, Mr. Smith's

FDCPA claim is hereby dismissed

## II.    RICO.

In his Complaint, Mr. Smith alleges that Defendants LSR, BACHLS, MERS, Hill and

Kist are liable for RICO violations as a result of their conduct in the State court foreclosure

action and their conduct relative to Federal Bankruptcy Court proceedings.   Mr. Smith's RICO

claim, as it relates to both the foreclosure and bankruptcy proceedings, is premised on the

allegation that the assignment of the mortgage to BACHLS was fraudulent and, therefore, that

BACHLS was not a proper plaintiff to the foreclosure action.  Defendants argue that Mr. Smith's

RICO claim is barred by the doctrine of *res judicata*, as there stands a valid, State court

foreclosure judgment indicating that BACHLS is the real party in interest, which was never

appealed by Mr. Smith.

*Res judicata* precludes the relitigation of a final judgment on the merits in a subsequent

action.  "[A] valid and final judgment on a claim precludes a second action on that claim or any

part of it.  [It] applies not only to bar the parties from re-litigating issues that were actually

litigated, but also to bar them from re-litigating issues that could have been raised in an earlier

action.'" *Young v. Fannie Mae*, 2013 U.S. Dist. LEXIS 43426, at *5 (N.D. Ohio Mar. 27, 2013)

-8-

(quoting *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir.1996) (emphasis in original)). "Ohio law precludes assertion of counterclaims for the first time in a subsequent action, and such claims are lost if not raised in that first action." *Young*, 2013 U.S. Dist. LEXIS, at *5 (citing *Rettig Enters., Inc. v. Koehler*, 68 Ohio St. 3d 274, 1994 Ohio 127, 626 N.E.2d 99, 100 (Ohio 1994) (syllabus)). "In the context of a foreclosure action, 'any claims that [ ] are logically related to the mortgage and the foreclosure are compulsory counterclaims to the foreclosure action.'" *Young,* 2013 U.S. Dist. LEXIS, at *5-6 (quoting *Jarvis v. Wells Fargo Bank, N.A.*, 2010 Ohio 3283, at *7 (Ohio Ct. App. June 30, 2010); see also *Demmler v. Bank One NA*, 2006 U.S. Dist. LEXIS 9409, at * 5 (S.D.Ohio March 9, 2006) (a plaintiff challenging the validity of a promissory note and foreclosure action was barred because such claims are logically related)).

Mr. Smith's challenge as to the validity of the assignment is logically related to the mortgage and foreclosure and, therefore, should have been raised as a counterclaim in the State court foreclosure action. Mr. Smith did not defend the foreclosure action filed against him by BACHLS, nor did he appeal the trial court's judgment against him in the foreclosure case. Mr. Smith argues that the failure to defend or file an appeal should not bar his RICO claim because he failed to defend the lawsuit based upon representations made by BACHLS that the situation could still be resolved, because he never challenged BACHLS's standing in State court and, because he had no way of knowing of the allegedly fraudulent assignment at that time.

However, Mr. Smith, retained Counsel following the foreclosure judgment against him and filed a Motion for Relief from Judgment a month after the judgment in foreclosure was rendered. In a Supplement to his Motion for Relief From Judgment, Mr. Smith represented to

-9-

the Court that discovery was necessary in order to determine whether BACHLS was the real party in interest.  Mr. Smith's Motion for Relief from Judgment was subsequently denied and he never filed an appeal.  "'A judgment entry denying a Civ. R. 60(B) motion for relief from judgment is final and appealable, and, where a party fails to file a timely appeal under App. R. 4(A), *res judicata* applies to bar further litigation of the issues.'" *Neff v. Flagstar Bank, FSB*, 2014 U.S. Dist. LEXIS 108398, at *25 (S.D. Ohio August 5, 2014) (quoting *GMAC Mtge., L.L.C. v. Lee*, 2012-Ohio-1157 at *5 (Ohio Ct. App. 2012)). "[W]hen a party fails to file an appeal from a denial of a Rule 60(B) motion, it prevents the trial court from deciding the issue on the merits in the event that the 'case might have been remanded.'" *Neff*, 2014 U.S. Dist. LEXIS 108398, at *25-26 (quoting *Herbert v. Huntington Natl. Bank*, 2011-Ohio-3663, at *4 (Ohio Ct. App. 2011) ("Here, Herbert filed a Civ. R. 60(B) motion, but the trial court found the motion untimely.  Rather than appealing the denial of the Civ. R. 60(B) motion, he filed a separate lawsuit.  Had he appealed the denial of the Civ. R. 60(B) motion, and had this Court reversed, the matter might have been remanded to the trial court for determination on the merits.")).  Because the entry denying Mr. Smith's Rule 60(B) Motion was a final appealable order which Mr. Smith did not appeal *"res judicata* applies to bar further litigation of the issues." *Neff*, 2014 U.S. Dist. LEXIS 108398, at *27 (citing *GMAC*, 2012-Ohio-1157, at 5)).

Moreover, in its recent decision in *Slorp v. Lerner, Sampson & Rothfuss*, 587 Fed. Appx. 249 (2014), the Sixth Circuit wrote that a plaintiff's RICO claim arising from an alleged fraudulent assignment in connection with a foreclosure action would "vanish if the defendants prove that [the plaintiff in the foreclosure action] was the legitimate mortgagee." *Id.* at 264.  In *Slorp*, the State court had vacated the foreclosure judgment and dismissed the foreclosure case

against Mr. Slorp prior to Mr. Slorp filing suit in Federal court.  Thus, there was no final judgment as to the proper plaintiff in the foreclosure case and Mr. Slorp was permitted to proceed with his RICO claim.

Unlike in *Slorp*, a final judgment on the merits was issued against Mr. Smith in favor of BACHLS in the underlying foreclosure action on August 16, 2010 – over four years ago – and Mr. Smith never filed an appeal.  Mr. Smith's Motion for Relief from Judgment was denied on May 14, 2013 and Mr. Smith never filed an appeal. (Complaint at Paragraphs 22-24 and 41-43; Foreclosure Docket.)  Mr. Smith's RICO claim is thus barred by the doctrine of *res judicata* and must be dismissed, as it would require relitigation of BACHLS's status as real party in interest.

### III.  Remaining Claims.

Where, as in this case, Federal issues are dismissed before trial, district courts may decline to exercise supplemental jurisdiction over the remaining state law claims. See 28 U.S.C. § 1367(c)(3).  In determining whether to exercise supplemental jurisdiction, issues of judicial economy, convenience, fairness and comity are considered.  See *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988).  As a general  matter, "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996).  Because there is no foreseeable prejudice to any remaining parties that would arise from litigating the remaining state law issues in state court, and because the goal of fairness and comity would be advanced by allowing the state court to address the state law issues, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

-11-

Accordingly, all remaining claims are hereby dismissed without prejudice.

## Conclusion

For the foregoing reasons, the Motions to Dismiss filed by Defendants (Docket #s 12 and 19) are hereby GRANTED IN PART.

Plaintiff, Derek Smith's claims brought pursuant to the FDCPA and RICO – Counts I and II of the Complaint – are hereby DISMISSED WITH PREJUDICE.

The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining claims. Accordingly, Plaintiff's remaining claims are hereby DISMISSED WITHOUT PREJUDICE.

This case is hereby TERMINATED.

IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATED: April 20, 2015